United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-51022
SUMMARY CALENDAR

————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN VASQUEZ-MONTES,

Defendant - Appellant.

—————————————————————————————————————————

On Appeal from the United States District Court for the
Western District of Texas
(E.P.-03-CR-19-ALL-DB)

—————————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the conviction of Defendant - Appellant, Juan Vasquez-Montes,

for possession with intent to distribute and for importation of marijuana, in violation of 21 U.S.C.

§§ 841, 952, and 960. For the following reasons, we uphold the conviction.

Vasquez argues that the evidence is insufficient to support the jury's finding that he knew

there was marijuana hidden in the vehicle he was driving when he was arrested trying to enter the

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

United States from Mexico.

Ordinarily, a jury may infer a defendant's guilty knowledge from his control over a drug-laden vehicle, but when drugs are contained in a hidden compartment, we require additional circumstantial evidence that demonstrates guilty knowledge. *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Vasquez's inconsistent statements to federal agents regarding the purpose of his trip to Mexico are strong evidence of his guilty knowledge. *United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990). His implausible explanations for his actions also constitute persuasive circumstantial evidence of his consciousness of guilt. *Id.* at 955. Vasquez was warned that the man recruiting him to drive the car from Mexico to the United States had previously recruited one of Vasquez's friends for a similar job that led to that man's arrest and imprisonment. Finally, the value of the marijuana involved in this offense supports the jury's finding that Vasquez knew there were drugs hidden in the vehicle. *See Villarreal*, 324 F.3d at 324.

Vasquez's challenge to the sufficiency of the evidence fails because a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. (Fla.), 1982), *aff'd on other grounds*, 462 U.S. 356 (1983). For the foregoing reasons, we uphold the conviction.